IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| RAY STAPLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 08-2867-STA-dkv |
| | ) |
| JOHN E. POTTER, Postmaster | ) |
| General of the United States | ) |
| Postal Service, | ) |
| | ) |
| Defendants. | ) |

_____

REPORT AND RECOMMENDATION ON MOTION FOR SANCTIONS
PURSUANT TO FED.R.CIV.P. 37(d)(1)
_____

Before the court is the April 21, 2010 motion of the defendant, John E. Potter, Postmaster General of the United States Postal Service, for sanctions pursuant to Rule 37(d)(1) of the Federal Rules of Civil Procedure. Defendant seeks the dismissal of the plaintiff's complaint as a sanction for plaintiff's failing to appear for his deposition on April 20, 2010.

The motion was referred to the United States Magistrate Judge for a report and recommendation. The plaintiff has not responded to the motion, and the time for response has expired. For the reasons that follow, it is recommended that the defendant's motion for sanctions be granted in part and denied in part.

The defendant served a Notice to Take Deposition of Ray Staples by mailing it to Mr. Ray Staples, 2812 Ridgeview Road,

Memphis, Tennessee 38127.  The Notice to Take Deposition set April 20, 2010, at 9:00 a.m. as the date and time of the deposition and stated the location of the deposition as being Suite 800, 167 North Main Street, Memphis, Tennessee 38103.  The letter accompanying the notice explained to plaintiff that if the date for the deposition was not convenient for him, another date could be scheduled.  Plaintiff did not respond to the letter, and he did not appear for his deposition on April 20, 2010.  A subsequent telephone call to the plaintiff's residence was answered with a pre-recorded message that the number was no longer in service.

If a party fails to appear for a deposition after being served with proper notice, "the court where the action is pending may, on motion, order sanctions."  FED. R. CIV. P. 37(d)(1)(A).  It appears to the court that sanctions should be imposed on plaintiff for failure to cooperate in the discovery process.

The Sixth Circuit regards the sanction of dismissal under Rule 37 for failure to cooperate in discovery to be "the sanction of last resort."  *Beil v. Lakewood Eng'g and Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994).  Dismissal may be imposed "only if the court concludes that a party's failure to cooperate is due to willfulness, bad faith or fault."  *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153-154 (6th Cir. 1988).  In determining whether to dismiss an action for failure to cooperate

in discovery, the court should consider: (1) whether the party acted with willfulness, bad faith, or fault; (2) whether prejudice resulted from the discovery violation; (3) whether the party had been warned that his conduct could lead to extreme sanctions; and (4) whether less drastic sanctions were previously imposed or should be considered. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997); *Bass v. Jostens*, Inc., 71 F.3d 237, 241 (6th Cir. 1995); *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

To dismiss an action *with* prejudice under Rule 37 the Sixth Circuit has held that the first factor is satisfied only if "a clear record of delay or contumacious conduct" exists. *Freeland,* 103 F.3d at 1277. In the present action, the plaintiff did not attend the scheduling conference conducted by the court on March 25, 2010, which was set by notice dated March 5, 2010, and he did not appear for his deposition on April 20, 2010. This indicates plaintiff's disregard for duly-noticed settings and constitutes contumacious conduct.

The second factor is satisfied because the defendant has been unable to move forward in preparing its defense without obtaining the plaintiff's deposition. Furthermore, the government has had to waste time, money and effort in pursuit of cooperation that the plaintiff was legally obligated to provide under the Federal Rules

3

and the court's scheduling order.

The third factor, however, is not satisfied. There is no indication that plaintiff has been made aware that failure to comply with the discovery requests would result in dismissal of his case.

Because the third factor is not satisfied, the final factor does not need to be addressed.

Under Rule 37, if a party fails to attend his own deposition after being served with proper notice, "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The imposition of expenses against plaintiff, including attorney's fees, is warranted to compensate defendant for the expenses incurred in preparing for and appearing at the deposition and bringing this motion.

Accordingly, it is recommended that defendant's motion to dismiss the complaint for plaintiff's failure to appear and be deposed be denied. It is further recommended that plaintiff be ordered to appear and be deposed within a specified time at a time and place to be designated by defendant and that plaintiff be required to pay the reasonable expenses, including attorney's fees,

4

caused by his failure to appear for his deposition.

    Plaintiff is warned that any additional failure to appear for deposition and to give testimony and/or failure to comply with other discovery requests and other orders of this court will lead to dismissal of his lawsuit.

    Respectfully submitted this 12th day of May, 2010

                  S/ Diane K. Vescovo
                  DIANE K. VESCOVO
                  UNITED STATES MAGISTRATE JUDGE

## NOTICE

    ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.